**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTIAN PATRICIO MOGROVEJO TACURI, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Civil Action No. 3:26-cv-438 ) Judge Stephanie L. Haines |
| BRIAN MCSHANE, *Acting Director, ICE Newark Field Office et al.,* | ) ) ) ) |
| Respondents. | |

**<u>MEMORANDUM ORDER</u>**

Christian Patricio Mogrovejo Tacuri ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") on March 12, 2026, (ECF No. 1). On March 19, 2026, the Court ordered service of the Petition (ECF No. 4). Joanne Reed, of the United States Attorney's Office entered her appearance for Respondents on March 28, 2026 (ECF No. 8). On April 14, 2026, Respondents, in a Notice of Suggestion of Mootness (ECF No. 9), informed the Court that Petitioner voluntarily departed the United States on April 9, 2026. ECF No. 9, p. 1; ECF No. 1-1 ("Department of Homeland Security, U.S. Immigration and Customs Enforcement, Voluntary Departure and Verification of Departure").

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to

1

be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's departue, there is no remedy that the Court can provide. Therefore, the Petition and any pending motions are moot.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 15th day of April, 2026, IT IS ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) hereby is DISMISSED as moot; and,

The Clerk of Court is to mark this case Closed.

Stephanie L. Haines
United States District Judge